[Cite as *In re K.R.*, 2021-Ohio-3417.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF: K.R. | JUDGES:<br>Hon. Craig R. Baldwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J.<br><br>Case Nos. 21CA000005 & 21CA000006<br><br>O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Knox County Court of Common Pleas, Juvenile Division, Case Nos. 219-2028 & 219-2029 |
| JUDGMENT: | Vacated and Remanded |
| DATE OF JUDGMENT ENTRY: | September 28, 2021 |

APPEARANCES:

| | |
|---|---|
| For Appellee Knox County Department of Job and Family Services | For Appellant, Cheyenne Ramey |
| ASHLEY L. JOHNS<br>Knox County Department of Job and Family Services<br>117 East High Street<br>Mount Vernon, Ohio 43050 | CAROLYN FITTRO<br>Fittro Law, LLC<br>1335 Dublin R., Suite #115F<br>Columbus, Ohio 43215<br><br>For Paternal Grandmother of K.R.1 |
| Guardian Ad Litem | REBECCA STUMLER<br>130 E. Chestnut Street, Suite #301<br>Columbus, Ohio 43215 |
| ADAM O. JOHNSON<br>25 E. Waterloo Street<br>Canal Winchester, Ohio 43110 | |

For Mother                                      For Father of K.R. 2

PORTER R. WELCH                                 WILLIAM VINSON
P.O. Box 125                                    35 Taylor Road
21 ½ Middle Street, Suite #1                    Mount Vernon, Ohio 43050
Galena, Ohio 43021

*Hoffman, J.*

**{¶1}** In Knox App. No. 21CA000005, appellant Cheyenne Ramey ("Mother") appeals the March 10, 2021 Judgment Entry entered by the Knox County Court of Common Pleas, Juvenile Division, which granted legal custody of one of her minor children ("Child 1") to Jackie Stringfellow, Child 1's paternal grandmother. In Knox App. No. 21CA000006, Mother appeals the same judgment entry, which granted legal custody of another of her minor children ("Child 2") to William Vinson, Child 2's father. Appellee is Knox County Department of Job and Family Services ("KCDJFS").

STATEMENT OF THE CASE AND FACTS

**{¶2}** Mother and Zachary Metzger are the biological parents of Child 1. Metzger is deceased. Mother and William Vinson are the biological parents of Child 2.

**{¶3}** On March 3, 2019, KCDJFS filed complaints alleging Child 1, Child 2, and their two siblings ("Child 3" and "Child 4") were neglected and dependent. The complaints were based upon the deplorable home conditions, the children's poor hygiene, Mother's failure to properly supervise the children, her inability to wake up in the morning and care for the children, and her tumultuous relationship with her significant other. Mother gave birth to her fifth child ("Child 5") on March 5, 2019. On March 13, 2019, KCDJFS filed a complaint regarding Child 5 and a motion to combine the sibling cases, which the trial court granted on the same day.

**{¶4}** Following an incident of domestic violence between Mother and Scott Owens, the father of Child 5, KCDJFS filed an ex parte motion for temporary custody on April 9, 2019. The trial court conducted a shelter care hearing on April 11, 2019, denied KCDJFS's motion and returned the Children to Mother under a safety plan requiring 24/7 supervision of Mother. On April 26, 2019, KCDJFS filed a second motion requesting an

ex parte order of temporary custody based upon the inappropriate home conditions and the lack of supervision of the Children despite the safety plan. The trial court granted the motion and the Children were immediately removed from Mother's custody. At a shelter care hearing on April 29, 2019, the trial court continued temporary custody with KCDJFS. Following an adjudicatory hearing on May 3, 2019, the trial court returned the Children to Mother's custody under the protective supervision of KCDJFS. The trial court also granted Jackie Stringfellow visitation with Child 1.

**{¶5}** At an adjudicatory hearing on May 15, 2019, Mother admitted the Children were dependent and the trial court dismissed the allegations of neglect. On May 20, 2019, KCDJFS filed a third motion again requesting an ex parte order of temporary custody based upon continued concerns of Mother failing to provide adequate supervision of the Children. Specifically, the Children were observed outside without adult supervision and Child 5 was observed in an unsafe sleeping situation, unattended by Mother. Child 1 was not included in the motion as he was on vacation with Stringfellow. Following a shelter care hearing on May 21, 2019, the trial court granted temporary custody of the Children to KCDJFS and ordered Mother and Owens to create a detailed supervision plan. KCDJFS filed an amended case plan for Mother and the Children on June 4, 2019. On the same day, Stringfellow filed a motion to be added as a party and a motion for temporary and/or legal custody with a statement of understanding. After a dispositional hearing on June 4, 2019, the trial court placed Child 1 in the temporary custody of Stringfellow with protective supervision to KCDJFS. The trial court continued temporary custody of the other four children with KCDJFS. The trial court ordered visitation at KCDJFS's discretion with input from the Guardian ad Litem ("GAL").

**{¶6}** The trial court conducted a review hearing on August 14, 2019. The trial court granted KCDJFS's request to transition Child 2 and Child 3 to Mother's custody with protective supervision beginning on August 19, 2019. All other dispositional orders remained in place. Child 2 and Child 3 were returned to Mother's custody on the specified date.

**{¶7}** Following a review hearing on November 21, 2019, the trial court maintained the status quo. In addition, the trial court issued a no contact order between the Children and James Looney, who was identified as the father of Child 4. Looney is a registered sex offender, however, Mother permitted him to have contact with the Children during visitation.

**{¶8}** On February 4, 2020, William Vinson filed a motion for ex parte temporary custody of Child 2, which the trial court summarily denied. The trial court conducted a hearing on the denial on February 6, 2020, and scheduled Vinson's motion for review. At a review hearing on February 26, 2020, the trial court granted KCDJFS's motion for an extension of involvement. KCDJFS advised the trial court Child 2 and Child 3, who were in Mother's custody, had educational and medical issues. In addition, KCDJFS was having ongoing issues with Mother truthfully reporting the status of the Children. KCDJFS also had concerns about the Children being injured during visitation with Mother. The trial court ordered Child 3 remain in Mother's custody, Child 1 remain in the temporary custody of Stringfellow, Child 2 be placed in the temporary custody of Vinson, and Child 4 and Child 5 remain in the temporary custody of KCDJFS. The trial court granted KCDJFS protective supervision of Child 1 and Child 2.

**{¶9}** On June 2, 2020, Mother gave birth to Child 6. Mother entered into a voluntary case plan related to Child 6. Child 6 was added to a subsequent amended case plan involving the Children. On June 4, 2020, Stringfellow filed a motion to be added as a party and motion for legal custody. The trial court conducted a review hearing on June 16, 2020, and maintained the status quo.

**{¶10}** KCDJFS filed a motion to modify disposition on July 8, 2020, requesting legal custody of Child 1 be granted to Stringfellow and legal custody of Child 2 be granted to Vinson. KCDJFS further requested the trial court terminate its involvement with Child 1 and Child 2 should the trial court grant the motion to modify. Via Judgment Entry filed September 28, 2020, the trial court maintained the status quo and scheduled a hearing on all pending motion for January 19, 2021.

**{¶11}** Via Journal Entry filed March 10, 2021, the trial court granted legal custody of Child 1 to Stringfellow and legal custody of Child 2 to Vinson. The trial court also granted Mother liberal and frequent parenting time with Child 1 and Child 2 with dates and times as agreed upon by the parties.

**{¶12}** It is from this judgment entry Mother appeals, raising the following assignments of error:

> I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN
> FINDING THAT IT WOULD BE IN THE BEST INTERESTS OF [CHILD 1]
> TO GRANT LEGAL CUSTODY OF HIM TO PATERNAL GRANDMOTHER.
> II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN
> FINDING THAT THE KNOX COUNTY DEPARTMENT OF JOB AND

FAMILY SERVICES MADE REASONABLE EFFORTS TO REUNIFY MOTHER WITH ALL OF HER CHILDREN, SPECIFICALLY [CHILD 1] AND [CHILD 2].

III. THE TRIAL COURT FAILED TO ADDRESS IN WRITING THE REASONABLE EFFORTS OF KNOX COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES, AS REQUIRED BY O.R.C. 2151.419.

**{¶13}** This case comes to us on the expedited calendar and shall be considered in compliance with App. R. 11.2(C).

III

**{¶14}** In her third assignment of error, Mother contends the trial court failed to set forth the requisite findings of fact to support its reasonable efforts determination pursuant to R.C. 2151.419(B)(1).  We agree.

**{¶15}** R.C. 2151.419 governs hearings on the efforts of agencies to prevent removal of children from their homes.  Subsection (A)(1) provides:

(A)(2) Except as provided in division (A)(2) of this section, at any hearing held pursuant to section 2151.28, division (E) of section 2151.31, or section 2151.314, 2151.33, or 2151.353 of the Revised Code at which the court removes a child from the child's home or continues the removal of a child from the child's home, the court shall determine whether the public children services agency or private child placing agency that filed the complaint in the case, removed the child from home, has custody of the

child, or will be given custody of the child has made reasonable efforts to prevent the removal of the child from the child's home, to eliminate the continued removal of the child from the child's home, or to make it possible for the child to return safely home. The agency shall have the burden of proving that it has made those reasonable efforts. If the agency removed the child from home during an emergency in which the child could not safely remain at home and the agency did not have prior contact with the child, the court is not prohibited, solely because the agency did not make reasonable efforts during the emergency to prevent the removal of the child, from determining that the agency made those reasonable efforts. In determining whether reasonable efforts were made, the child's health and safety shall be paramount.

**{¶16}** Subsection (B)(1) states:

A court that is required to make a determination as described in division (A)(1) or (2) of this section shall issue written findings of fact setting forth the reasons supporting its determination. If the court makes a written determination under division (A)(1) of this section, it shall briefly describe in the findings of fact the relevant services provided by the agency to the family of the child and why those services did not prevent the removal of the child from the child's home or enable the child to return safely home.

**{¶17}** In *In re Kyle,* 5th Dist. Tuscarawas No.2008 AP 01 0002, 2008–Ohio–5892, and *In re B.G., P.G., and K.G.,* 5th Dist. Muskingum No. CT2013–0033, this Court reviewed similar cases and, in both cases, reversed the trial courts' decisions, finding each trial court failed to address in writing the reasonable efforts of the agency as required by R.C. 2151.419. We find the same in the case sub judice. The trial court found KCDJFS made reasonable efforts by creating a case plan and utilizing kinship and foster placement for some of the Children. The trial court did not recite the "relevant services" provided, nor state "why those services did not prevent the removal of the child from the child's home or enable the child to return safely home." R.C. 2151.419(B)(1).

**{¶18}** In its Reply Brief, KCDJFS argues the record is replete with testimony regarding the efforts it made towards reunification and the reasons why those efforts were unsuccessful. KCDJFS suggests the trial court's failure to make the requisite findings and state its rationale is merely a "clerical error." Appellee's Brief at 16. We do not.

**{¶19}** Because the trial court failed to make sufficient requisite reasonable efforts finding under R.C. 2151.419, we sustain Mother's third assignment of error, and vacate the trial court's judgment and remand this case to said court for written findings pursuant to R.C. 2151.419(B)(1).

I, II

**{¶20}** In light of our disposition of Mother's third assignment of error, we find her first and second assignments of error to be premature.

{¶21} The judgment of the Knox County Court of Common Pleas, Juvenile Division is vacated and remanded for further proceedings consistent with this Opinion and law.


By: Hoffman, J.

Baldwin, P.J. and

Delaney, J. concur